Thomas R. Kayes (SBN 327020)
Law Office of Thomas R. Kayes, LLC
2645 W Grand Ave, Ste B
Chicago, IL 60612
708.722.2241
tom@kayes.law

Kasif K. Khowaja (*pro hac vice* to be sought)
The Khowaja Law Firm, LLC
8 S Michigan Ave, Ste 2600
Chicago, IL 60603
312.201.0575
kasif@khowajalaw.com

J. Dominick Larry (*pro hac vice* to be sought)
Nick Larry Law LLC
8 S Michigan Ave, Ste 2600
Chicago, IL 60603
773.694.4669
nick@nicklarry.law

*Counsel for Plaintiff and the Putative Classes*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIAN OLMEDA, on behalf of himself, and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>THE VEGGIE GRILL, INC., a Delaware corporation; and MICROS SYSTEMS, INC., a Maryland corporation,<br><br>　　　　　　Defendants. | Case No.: 20-cv-9344<br><br>**COMPLAINT**<br><br>DEMAND FOR JURY TRIAL<br><br>CLASS ACTION |

Plaintiff Julian Olmeda, individually and on behalf of all others similarly situated, brings this Class Action Complaint and Demand for Jury Trial against Defendants The Veggie Grill, Inc. and Micros Systems, Inc. Plaintiff alleges the following based upon personal knowledge as to his own experiences and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys:

## NATURE OF THE ACTION

1. This class action alleges violations of the Biometric Information Privacy Act, 740 ILCS 14/1–99 ("BIPA").

2. Since 2008, BIPA has imposed a notice-and-consent requirement on companies possessing biometric data like fingerprints, voiceprints, and faceprints.

3. Defendants collected Plaintiff's biometrics without proper notice and consent. Accordingly, Plaintiff seeks the statutory damages available to him under BIPA.

## PARTIES

4. Plaintiff is a natural person and a citizen of the State of Illinois.

5. The Veggie Grill, Inc. is a Delaware corporation with its headquarters and principal place of business located in Culver City, California.

6. Micros Systems, Inc. is a Maryland corporation with its headquarters and principal place of business located in Redwood Shores, California.

## INTRADISTRICT ASSIGNMENT

7. Under Civil Local Rules 3-2(c) and 3-2(d), this action is appropriate for assignment to the San Francisco Division or the Oakland Division because Micros is headquartered in San Mateo County.

## JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(d)(2) because this is a class action in which Defendant is a citizen of different state than Plaintiff and other class members, and because the amount in controversy exceeds $5,000,000.00.

9. This Court has personal jurisdiction over Veggie Grill because it is headquartered and registered to do business in California.

10. This Court has personal jurisdiction over Micros because it is headquartered and registered to do business in California.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) because Micros resides in this District and both Defendants are California residents.

## FACTUAL ALLEGATIONS

12. The Veggie Grill, Inc. owns and operates a chain of vegan, fast-casual restaurants called Veggie Grill.

13. Veggie Grill currently has thirty-six locations nationwide, including four in Chicago, Illinois.

14. Plaintiff worked for Veggie Grill at its now-closed location at 614 West Diversey Avenue in Chicago, Illinois.

15. Veggie Grill used a Micros point-of-sale (POS) system to manage transactions and timekeeping. The Micros POS system included an integrated fingerprint scanner, which was connected to Micros's cloud storage system.

16. Veggie Grill required its hourly workers in Illinois, including Plaintiff, to clock in and out of shifts and breaks with the Micros POS fingerprint scanner.

17. When Plaintiff became a shift leader, Veggie Grill required Plaintiff to upload a print from a different finger and use that fingerprint to perform administrative functions such as new-user setup in the Micros system.

18. The Micros POS system was cloud-based, meaning that the information collected through it was stored on Micros's servers.

19. In addition to collecting fingerprints, Micros collected and maintained reference templates derived from workers' fingerprints.

20. Micros then compared the reference templates against each subsequent fingerprint scan to identify the worker scanning in and associate the appropriate timekeeping information.

21. Veggie Grill did not explain the Micros POS system's collection of biometric data to its workers.

22. Micros did not explain its collection of biometric data to the workers who used its POS system.

23. Veggie Grill did not tell its workers how it used the biometric data collected through the Micros POS system.

24. Micros did not tell workers how it used the biometric data collected through its POS system.

25. Veggie Grill did not tell its workers how long it kept the biometric data collected through the Micros POS system.

26. Micros did not tell workers how long it kept the biometric data collected through its POS system.

27. Veggie Grill's workers did not consent to Veggie Grill's collection of their fingerprints or the identifying data derived from them.

28. Micros did not obtain consent from workers to collect their fingerprints or the identifying data derived from them.

29. Veggie Grill's workers did not consent to Veggie Grill's disclosure of their biometric data to Micros.

## CLASS ALLEGATIONS

30. Plaintiff brings this action on behalf of the following classes of similarly situated individuals under Fed. R. Civ. P. 23(b)(3):

> **Veggie Grill Class**: All individuals who used a fingerprint scanner while working for Veggie Grill in Illinois within the five years preceding filing of this action.
>
> **Micros Class**: All individuals who used a Micros POS fingerprint scanner in Illinois within the five years preceding the filing of this action

31. Excluded from the Classes are any members of the judiciary assigned to preside over this matter, any officer or director of Defendants, counsel for the Parties, and any immediate family member of any of the same.

32. **Numerosity**: On information and belief, the Classes contain scores, if not hundreds, of individuals. The Classes are therefore so numerous that joinder of all members is impracticable. The precise number of Class members can be determined by reference to Defendant's records.

33. **Commonality and Predominance**: Common questions of law and fact will predominate over any individualized inquiries. As to the Veggie Grill Class, those common questions include:

   a. Whether Veggie Grill collected the Class's biometric identifiers or biometric information;

   b. Whether Veggie Grill disclosed the Class's biometric identifiers or information;

   c. Whether Veggie Grill published a written policy establishing a retention schedule and biometric-destruction guidelines;

   d. Whether Veggie Grill obtained a written release prior to collecting the Class's biometrics;

   e. Whether Veggie Grill informed the Class, in writing, of the purposes and duration for which their biometrics would be collected and stored;

   f. Whether Veggie Grill obtained the Class's consent prior to disclosing their biometrics; and

   g. Whether Veggie Grill is liable for $5,000 or only $1,000 per violation.

34. As to the Micros Class, those common questions include:

   a. Whether Micros collected the Class's biometric identifiers or biometric information;

   b. Whether Micros published a written policy establishing a retention schedule and biometric-destruction guidelines;

   c. Whether Micros obtained a written release prior to collecting the Class's biometrics;

      d. Whether Micros informed the Class, in writing, of the purposes and duration for which their biometrics would be collected and stored;

      e. Whether Micros obtained the Class's consent prior to disclosing their biometrics; and

      f. Whether Micros is liable for $5,000 or only $1,000 per violation.

35. **Typicality:** Plaintiff's claims are typical of the proposed Class members'. Plaintiff's claims have the same factual and legal bases as the proposed Class members', and Defendants' conduct has resulted in identical injuries to Plaintiff and the other Class members.

36. **Adequacy**: Plaintiff will adequately represent the Classes. Plaintiff has retained counsel experienced in biometric class actions. Plaintiff and Plaintiff's counsel are committed to vigorously litigating this action on the Classes' behalf, and have the resources to do so. Neither Plaintiff nor Plaintiff's counsel have any interest adverse to the Classes.

37. **Superiority**: Class treatment is superior because absent a class action, most Class members would find their claims prohibitively expensive to bring individually, and would be left without an adequate remedy. Class treatment of the common questions is also superior because it conserves the Court's and parties' resources and promotes efficiency and consistency of adjudication.

38. Plaintiff reserves the right to revise the foregoing class allegations and definitions based on facts learned and legal developments following additional investigation, discovery, or otherwise.

**FIRST CAUSE OF ACTION**
**Against Veggie Grill**
**On Behalf of Plaintiff and the Veggie Grill Class**
**Violation of 740 ILCS 14/15**

39. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

40. As a corporation, Veggie Grill is a private entity. 740 ICLS 14/10.

41. By collecting Plaintiff's and the Veggie Grill Class's fingerprints through the Micros POS system, Veggie Grill collected Plaintiff's and the Veggie Grill Class's biometric identifiers. 740 ILCS 14/10.

42. By capturing and maintaining reference templates and associated timekeeping information, Veggie Grill collected Plaintiff's band the Veggie Grill Class's biometric information. 740 ILCS 14/10.

43. By forcing its workers to use the cloud-based Micros POS system's fingerprint scanner, Veggie Grill disclosed Plaintiff's and the Veggie Grill Class's biometric identifiers and information.

44. Prior to collecting Plaintiff's and the Veggie Grill Class's biometric identifiers and information, Veggie Grill did not inform Plaintiff and the Veggie Grill Class in writing that their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(1).

45. Prior to collecting Plaintiff's and the Veggie Grill Class's biometric identifiers and information, Veggie Grill did not inform Plaintiff and the Veggie Grill Class of the specific purpose for which their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(2).

46. Prior to collecting Plaintiff's and the Veggie Grill Class's biometric identifiers and information, Veggie Grill did not inform Plaintiff and the Veggie Grill Class of the length of time that their biometrics would be maintained. 740 ILCS 14/15(b)(2).

47. Prior to collecting Plaintiff's and the Veggie Grill Class's biometric identifiers and information, Veggie Grill did not obtain a written release authorizing such collection. 740 ILCS 14/15(b)(3).

48. Prior to disclosing Plaintiff's and the Veggie Grill Class's biometric identifiers and information, Veggie Grill did not obtain Plaintiff's and the Veggie Grill Class's informed consent. 740 ILCS 14/15(d)(1).

49. While Veggie Grill was in possession of Plaintiff's and the Veggie Grill Class's biometric identifiers and information, Veggie Grill failed to provide a publicly available retention schedule detailing the length of time it would maintain Plaintiff's and the Veggie Grill Class's biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

50. On behalf of himself and the Veggie Grill Class, Plaintiff seeks: (1) injunctive relief requiring Veggie Grill to stop its unlawful practices and destroy the data unlawfully

obtained; (2) liquidated damages of $5,000 per violation for Veggie Grill's intentional and/or reckless violations of BIPA, or, in the event the Court finds those violations to be negligent, liquidated damages of $1,000 per violation, *see* 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**Against Micros**
**On Behalf of Plaintiff and the Micros Class**
**Violation of 740 ILCS 14/15**

51. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

52. As a corporation, Micros is a private entity. 740 ICLS 14/10.

53. By collecting Plaintiff's and the Micros Class's fingerprints through its cloud-based POS system, Micros collected Plaintiff's and the Micros Class's biometric identifiers. 740 ILCS 14/10.

54. By capturing and maintaining reference templates and associated timekeeping information, Micros collected Plaintiff's band the Micros Class's biometric information. 740 ILCS 14/10.

55. Prior to collecting Plaintiff's and the Micros Class's biometric identifiers and information, Micros did not inform Plaintiff and the Micros Class in writing that their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(1).

56. Prior to collecting Plaintiff's and the Micros Class's biometric identifiers and information, Micros did not inform Plaintiff and the Micros Class of the specific purpose for which their biometrics were being collected, stored, and used. 740 ILCS 14/15(b)(2).

57. Prior to collecting Plaintiff's and the Micros Class's biometric identifiers and information, Micros did not inform Plaintiff and the Micros Class of the length of time that their biometrics would be maintained. 740 ILCS 14/15(b)(2).

58. Prior to collecting Plaintiff's and the Micros Class's biometric identifiers and information, Micros did not obtain a written release authorizing such collection. 740 ILCS 14/15(b)(3).

59. While Micros was in possession of Plaintiff's and the Micros Class's biometric identifiers and information, Micros failed to provide a publicly available retention schedule detailing the length of time it would maintain Plaintiff's and the Micros Class's biometrics and guidelines for permanently destroying the same. 740 ILCS 14/15(a).

60. On behalf of himself and the Micros Class, Plaintiff seeks: (1) injunctive relief requiring Micros to stop its unlawful practices and destroy the data unlawfully obtained; (2) liquidated damages of $5,000 per violation for Micros's intentional and/or reckless violations of BIPA, or, in the event the Court finds those violations to be negligent, liquidated damages of $1,000 per violation, *see* 740 ILCS 14/20; and (3) reasonable attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the proposed Classes, respectfully requests that this Court enter an Order:

A. Certifying the Classes as defined above, appointing Plaintiff as class representative, and appointing Plaintiff's counsel as class counsel;

B. Declaring that Defendants' actions as set forth herein violate 740 ICLS 14/15;

C. Awarding injunctive and equitable relief as necessary to protect the Classes;

D. Finding Defendants' conduct intentional or reckless and awarding $5,000 in damages per Defendant, per violation, per Class member under 740 ILCS 14/20(2), or, if Defendants' conduct does not rise to that standard, $1,000 per Defendant, per violation, per Class member under 740 ILCS 14/20(1);

E. Awarding Plaintiff and the Classes their reasonable attorneys' fees, costs, and other litigation expenses under 740 ILCS 14/20(3);

F. Awarding Plaintiff and the Classes pre- and post-judgment interest; and

G. Awarding such other and further relief as the Court deems equitable and just.

**JURY TRIAL**

Plaintiff demands a trial by jury for all issues so triable.

| | |
|---|---|
| Date: December 25, 2020 | **JULIAN OLMEDA**, individually and on behalf of all others similarly situated, |
| | s/ Thomas R. Kayes |
| | One of Plaintiff's Attorneys |

Thomas R. Kayes (SBN 327020)
Law Office of Thomas R. Kayes, LLC
2645 W Grand Ave, Ste B
Chicago, IL 60612
708.722.2241
tom@kayes.law

Kasif K. Khowaja (*pro hac vice* to be sought)
The Khowaja Law Firm, LLC
8 S Michigan Ave, Ste 2600
Chicago, IL 60603
312.201.0575
kasif@khowajalaw.com

J. Dominick Larry (*pro hac vice* to be sought)
Nick Larry Law LLC
8 S Michigan Ave, Ste 2600
Chicago, IL 60603
773.694.4669
nick@nicklarry.law

*Counsel for Plaintiff and the Putative Classes*

*Olmeda v. The Veggie Grill, Inc., et al.*
CLASS ACTION COMPLAINT